**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-63076-CIV-MARTINEZ**

MAKSIM POGREBNOI,
*by and through his wife and proposed next friend, Irina Merchuk,*

Petitioner,

v.

ICE MIRAMAR SUB OFFICE, *Warden*,

Respondent.
_________________________________/

**ORDER**

**THIS CAUSE** comes before the Court on Petitioner Maksim Pogrebnoi's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was filed on his behalf by his wife and proposed next friend Irina Merchuk (the "Petition"), [ECF No. 1]. Although the Court would typically issue a show cause order directing Respondent to explain why the Petition should not be granted, *see* 28 U.S.C. § 2243, the Petition suffers from procedural problems that must be remedied before a show cause order is warranted. For the reasons explained, the Petition is **DISMISSED WITHOUT PREJUDICE**.

A habeas petition must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See* 28 U.S.C. § 2242. Anyone acting on behalf of a habeas petitioner must qualify for "next friend" status. *See Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). In fact, "[d]ecisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for 'next friend' standing." *Id.*

"First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.*; *see also Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992) ("The would-be next friend must first prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court."). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163–64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. "[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).

While the Court has no reason to doubt that Irina Merchuk is dedicated to Petitioner's best interests and, as his wife, has a significant relationship with him, *see Whitmore*, 495 U.S. at 163–64, she provides no explanation for why Petitioner cannot sign the Petition on his own behalf, (*see generally* Pet.; [ECF No. 3]; [ECF No. 4]). And to the extent Ms. Merchuk intends to rely on Petitioner's detention itself as the reason Petitioner cannot sign the Petition, that circumstance does not align with the traditional scenarios in which next friend status is awarded: mental incompetence, lack of access to court, or other disability. *Whitmore*, 495 U.S. at 163; *Lonchar*, 978 F.2d at 641. Petitioner's detention, while certainly limiting, is not so severe as to render him completely unable to access the courts and prosecute the Petition. *See Whitmore*, 495 U.S. at 163. As a result, Ms. Merchuk has not satisfied her burden to establish next friend status, *see id.* at 164, and the Court is therefore without jurisdiction to consider the Petition, *see Weber*, 570 F.2d at 514.

The Court acknowledges the inherent difficulty of bringing a habeas petition while in any kind of detention, but difficulty does not equal inability. Indeed, court dockets—including this Court's docket—are full of cases personally filed by people in custody. Although the Supreme Court and the Eleventh Circuit have recognized that "lack of access to court" is one reason "the real party in interest" may be "unable to litigate his own cause," *Whitmore*, 495 U.S. at 165; *Lonchar*, 978 F.2d at 641, later cases interpreting the standard have clarified that the real party's lack of access must be nearly complete.

This Court has found next friend status, for example, when the real parties in interest were being held "incommunicado on" a Coast Guard ship at sea "without access to their counsel and their family members." *Movimiento Democracia, Inc. v. Johnson*, 193 F. Supp. 3d 1353, 1367 (S.D. Fla. 2016). At the other extreme, the Eleventh Circuit has determined a "blanket assertion" that the real party in interest "was unable to initiate the petition from prison" did not unlock next friend status for the prisoner's wife because there was "no reason to think" that "incarceration alone would prevent him from filing a § 2241 petition on his own behalf." *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007). Somewhere in the middle of the spectrum, a different district court in this Circuit has held that a would-be next friend's assertion that the real party in interest, her son, "does not have access to the outside because he is in solitary confinement falls far short" of the standard. *Cooper v. Hancock State Prison*, No. 1:24-CV-0692-MLB-JCF, 2024 WL 5701437, at *1 (N.D. Ga. Apr. 26, 2024) (quotation marks omitted), *R.&R. adopted*, No. 1:24-CV-692-MLB, 2024 WL 5701451 (N.D. Ga. Oct. 4, 2024).

Considering those precedents, Ms. Merchuck has not established that Petitioner is unable to litigate his own cause. (*See* Pet.); *Whitmore*, 495 U.S. at 163; *Lonchar*, 978 F.2d at 641. The Court understands Ms. Merchuk's desire to help her husband be released from detention, but the way she can do that is by taking the Petition to him at his detention facility and having him sign it—and any

other filings—himself. There is no prohibition on Ms. Merchuk delivering Petitioner's signed Petition, or any other personally signed filing, to the Clerk on his behalf.

For now, though, because Ms. Merchuk has not established that she qualifies for next friend status, she does not have standing to bring the Petition, and the Court lacks jurisdiction to consider it. *See Whitmore*, 495 U.S. at 164; *Weber*, 570 F.2d at 514. As a result, the Court must dismiss the Petition without prejudice. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Petitioner Maksim Pogrebnoi's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **DISMISSED WITHOUT PREJUDICE**. Petitioner may file a new habeas petition that he personally signs.
2. All pending motions are **DENIED AS MOOT**.
3. The Clerk is **DIRECTED** to mail a copy of this Order both to Petitioner and to Ms. Merchuk.
4. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 2 day of ~~October~~ November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*